# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| SHAWN T. WILLIAMS<br><br>PLAINTIFF,<br>v.<br><br>DELTA AIR LINES, INC.<br><br>DEFENDANT. | Civil Action No.<br><br>Jury Trial Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff, Shawn T. Williams, by and through his undersigned counsel, files this Complaint for race discrimination and retaliation in violation of 42 U.S.C. §2000e et. seq. and 42 U.S.C. §1981 against Defendant, Delta Air Lines, Inc., and alleges as follows:

## PARTIES

1.

Plaintiff Shawn T. Williams is a citizen and resident of the United States currently residing in Fulton County, GA.

2.

Defendant Delta Air Lines, Inc. is based in Georgia and may be served

1

with process by serving its registered agent, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C.§ 1343(a)(4) as this action arises under the laws of the United States, specifically 42 U.S.C. §1981.

4.

This suit is authorized and instituted pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e, et. seq. ("Title VII") and 42 U.S.C §1981 ("Section 1981") and declaratory and injunctive relief pursuant to 28 U.S.C §§2201 and 2202.

5.

Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission on January 14, 2025. Plaintiff received his Notice of Rights to Sue on June 24, 2025. Hence, Plaintiff has exhausted his administrative remedies and timely brings this action.

6.

Plaintiff's claims for retaliation under 42 U.S.C. §1981 are timely filed within the four-year statute of limitations period set forth by 28 U.S.C. §1658.

7.

Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action occurred within this district.

FACTUAL BACKGROUND

8.

Plaintiff is employed by Defendant in the IT department.

9.

In mid-December 2023, Plaintiff applied for the IT Advisor position, Vacancy No. 23246.

10.

Plaintiff met all qualifications for the position.

11.

Plaintiff's supervisor, Brian Terrell ("Mr. Terrell"), informed him that Charles Childs ("Mr. Childs"), Director of IT, selected Claudia Scott ("Ms. Scott"), a Caucasian female, for the role.

12.

Ms. Scott lacked the required five years of enterprise architecture experience or three to four years of data modeling experience.

13.

Despite being more qualified, Plaintiff was not selected for the position.

14.

On January 9, 2024, Plaintiff was informed he was not selected.

15.

On February 8, 2024, Plaintiff filed an anonymous complaint through Defendant's Ethics Point system.

16.

Plaintiff's complaint raised concerns of race based discrimination and his non-selection for the IT Advisor position.

17.

On February 22, 2024, Plaintiff met with Nikki Glee ("Ms. Glee"), Director of HR (IT).

18.

Plaintiff informed Ms. Glee that he was the person who filed the complaint.

19.

In late February 2024, Mr. Terrell told Plaintiff that Mr. Childs had made comments about the person who filed the complaint.

20.

Mr. Childs had stated, "I wish I could fire him," or words to that effect.

21.

On April 2, 2024, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

22.

In or around September 2024, Plaintiff learned that many of his duties were slowly being eliminated.

23.

On October 9, 2024, Plaintiff submitted a service catalog request via Defendant's web portal to provision a service account, which would allow a newly developed web application to query metadata from data systems as per standard IT practice.

24.

Plaintiff was informed by the fulfiller that he would have to personally request permission from Mr. Childs.

25.

Plaintiff emailed Mr. Childs the same day but was subsequently denied, with no explanation.

26.

On December 13, 2024, Plaintiff was informed by colleague Betsy

Simons that he would be removed from his duties in developing web tooling, which further reduced his job responsibilities.

27.

On September 3, 2025, Stacey Clark ("Mr. Clark"), told Plaintiff that in the future he would no longer be performing his current duties.

COUNT I
RETALIATION IN VIOLATION OF TITLE VII,
42 U.S.C. § 2000e-3(a)

28.

Plaintiff re-alleges and incorporates by reference paragraphs 1 to 27 of this Complaint as though fully set forth herein.

29.

At all times relevant, Plaintiff was an "employee" within the meaning of Title VII, 42 U.S.C. § 2000e(f).

30.

At all times relevant, Defendant was an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

31.

In February 2024, Plaintiff engaged in protected activity by filing an internal complaint through Defendant's Ethics Point system raising concerns of race-based discrimination and his non-selection for the IT Advisor

position.

32.

Plaintiff further engaged in protected activity on April 2, 2024, when he filed a Charge of Discrimination with the EEOC.

33.

Shortly after Plaintiff disclosed that he filed the internal complaint, Plaintiff's supervisor informed him that Mr. Childs, stated, "I wish I could fire him," or words to that effect.

34.

Following Plaintiff's protected activity, Defendant began to strip Plaintiff of his job duties.

35.

In or around September 2024, Plaintiff learned that many of his responsibilities were being eliminated.

36.

On October 9, 2024, Plaintiff submitted a service catalog request in the normal course of his duties, but was required to personally seek approval from Mr. Childs, who then denied the request without explanation.

37.

On December 13, 2024, Plaintiff was informed that he would be

removed from his duties in developing web tooling, further reducing his job responsibilities.

38.

Defendant's actions constitute materially adverse employment actions that would dissuade a reasonable employee from engaging in protected activity.

39.

Defendant's retaliatory conduct was motivated by Plaintiff's protected activity, in violation of Title VII, 42 U.S.C. § 2000e-3(a).

## COUNT II
## RETALIATION IN VIOLATION OF SECTION 1981

40.

Plaintiff re-alleges and incorporates by reference paragraphs 1 to 27 of this Complaint as though fully set forth herein.

41.

Defendant maintained an employment relationship with Plaintiff, which constitutes a contractual relationship protected under 42 U.S.C. § 1981.

42.

Plaintiff engaged in protected activity under 42 U.S.C. § 1981 when he filed an internal complaint on February 8, 2024, through Defendant's Ethics Point system, alleging race and national origin discrimination in the hiring

process.

43.

Plaintiff further engaged in protected activity when he disclosed to Ms. Glee on February 22, 2024, that he had submitted the discrimination complaint.

44.

In direct response to Plaintiff's protected activity, Defendant subjected Plaintiff to retaliatory actions.

45.

Mr. Terrell informed Plaintiff that Mr. Childs had expressed a desire to terminate the individual who filed the complaint, stating, "I wish I could fire him," or words to that effect.

46.

Defendant's retaliatory actions, including threats of termination and an increase in hostile treatment, directly resulted from Plaintiff's participation in protected activity and were intended to punish him for opposing race discrimination.

47.

The causal connection between Plaintiff's protected activity and the adverse actions taken against him is evidenced by the temporal proximity

between Plaintiff's filing of the complaint in February 2024 and April 2025 and the retaliatory threats and actions that followed.

48.

Defendant's retaliatory conduct violated Plaintiff's rights under 42 U.S.C. § 1981.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a trial by jury on all issues trial by a jury and respectfully requests the following relief:

1. Compensatory damages for lost wages, economic benefits of employment to Plaintiff in the amount to be determined by the trier of fact;
2. Compensation for emotional distress and humiliation;
3. Punitive damages to punish Defendant for its discriminatory actions;
4. Cost of litigation in this action and her reasonable attorney's fees;
5. Any other relief the Court deems just and proper.

Respectfully submitted this 22nd day of September 2025.

**JESSE KELLY PC**
By:   <u>/s/ Jesse L. Kelly</u>
Jesse L. Kelly, Esq.
Georgia Bar No. 935869
355 Lenox Road Suite 1000
jesse@jkellypc.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 5.1, the undersigned, attaches this Certificate of Service

This 22nd day of September 2025.

                                                **JESSE KELLY PC**

                                                */s/ Jesse Kelly*
                                                **Jesse L. Kelly**
                                                Ga Bar No. 935869
                                                3355 Lenox Rd. Suite 1000,
                                                Atlanta, GA 30326
                                                Phone: (678) 460-6801
                                                Fax: (678) 730-3443
                                                jesse@jkellypc.com